UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

ANDREW CARSWELL,

        Plaintiff,

  v.

LUCAS EDWARDS, *et al.*,

        Defendants.

Case No. 2:23-cv-167
Judge Sarah D. Morrison
Magistrate Judge Elizabeth P. Deavers

## ORDER and
## REPORT AND RECOMMENDATION

Andrew Carswell, an Ohio prisoner proceeding *in forma pauperis* and without the assistance of counsel, has filed a civil rights complaint under 42 U.S.C. § 1983. (Complaint, ECF No. 1-1; Civil Cover Sheet, ECF No. 1-4; Order Granting *In Forma Pauperis* Status, ECF No. 4.) Carswell alleges that Defendants violated his constitutional rights during his brief incarceration at Ross Correctional Institution. (*Id*.) The matter is currently before the Court to conduct the initial screen of Carswell's Complaint as required by law. 28 U.S.C. § 1915A(a); 28 U.S.C. § 1915(e)(2).

For the reasons that follow, the Undersigned **RECOMMENDS** that the Court allow Carswell to **PROCEED** further on his Eighth Amendment claims for failure to protect, use of excessive force, and deliberate indifference to a serious medical need, as well as on his civil conspiracy claim against some Defendants. The Undersigned **RECOMMENDS** that the Court **DISMISS** the civil conspiracy claim as against Defendant Taylor only. The Undersigned **STRIKES** the Declaration Robin Helton (ECF No. 5) from the docket.

I.  **Initial Screening Standard**

Because Plaintiff is a prisoner seeking "redress from a governmental entity or officer or employee of a governmental entity," and is proceeding *in forma pauperis*, the Court is required to conduct an initial screen of his Complaint. 28 U.S.C. §§ 1915A(a) and 1915(e)(2). The Court must dismiss the Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b) and 1915(e)(2).

To state a claim for relief, a complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court must construe the complaint in plaintiff's favor, accept all well-pleaded factual allegations as true, and evaluate whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). However, a complaint that consists of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient. *Id*. (quoting *Twombly*, 550 U.S. at 555).

In the interest of justice, this Court is also required to construe a pro se complaint liberally and to hold it "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) and citing Fed. R. Civ. P. 8(f) [now (e)]). Even with such a liberal construction, a pro se complaint must still adhere to the "basic pleading essentials." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Specifically, a pro se "complaint 'must contain either direct or inferential

allegations respecting all the material elements' to recover under some viable legal theory." *Barhite v. Caruso*, 377 F. App'x 508, 510 (6th Cir. 2010) (quoting *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005)).

## II. Parties and Claims

Plaintiff Andrew Carswell is in the custody of the State of Ohio and the Ohio Department of Rehabilitation and Correction ("ODRC"). (Complaint,[1] PageID 17.) He is currently confined at Noble Correctional Institution, but the events described in the Complaint occurred when he was confined at Ross Correctional Institution ("RCI"). (Complaint, PageID 17-18.)

Carswell names six defendants in the Complaint. Four are identified as Corrections Officers Lucas Edwards, Nicholas Stowe, and Christopher Williams, and Supervisor/Counselor/ Sergeant Mark A. Taylor. (Complaint, PageID 16-18.) Two are identified as John Doe (1), the "Yard Dog" corrections officer, and John Doe (2), a medical worker. (Complaint, PageID 16, 18, 19.) All were working for the ODRC at RCI. (Complaint, PageID 17-18.) All are sued in their individual capacities only. (Complaint, PageID 17.)

Carswell was incarcerated at RCI for only a brief time: from about February 4 through February 21, 2021. (Complaint, ¶ 10.) He alleges that when he arrived at RCI, inmate-gang members attempted to extort him, saying that they "knew his charges." (*Id*.) On February 7, after Carswell refused to pay, he was attacked by several inmates. (*Id*.) He alleges that corrections officers—specifically Defendants Edwards and Stowe—had plenty of time to respond, but instead watched the fight for several minutes and let it happen. (Complaint, ¶¶ 10-11.) Carswell asserts that one attacker in particular should not have been out of his cell at that

---

[1] The Undersigned will cite to ECF No. 1-1 simply as the "Complaint" in the following discussion. Because the Complaint contains numbered paragraphs and will be separately filed on the docket, some allegations will be cited by paragraph number rather than PageID for greater precision.

3

time, which he suggests shows that Edwards or Stowe let that inmate out, and further, that they "conspire[d] to enable these activities with malicious intent." (Complaint, ¶ 12.) Carswell alleges that Edwards and Stowe were part of a "conspiracy against those with sex cases" at RCI. (Complaint, ¶¶ 24, 26; *see also* Declaration of Gary Hill, ECF No. 1-2 ("The CO's were conspiring against those with sex cases and letting inmates know who had them to put them in danger.").)

Carswell's conspiracy allegations echo those made in another pending case, to which he specifically refers. That is, Carswell says that he filed this Complaint after seeing the result in *Monaco v. Doe (1)*, No. 2:22-cv-2888, 2022 WL 4291781, 2022 U.S. Dist. LEXIS 168299 (S.D. Ohio Sept. 16, 2022), *report and recommendation adopted*, 2022 WL 5187381, 2022 U.S. Dist. LEXIS 183026 (S.D. Ohio Oct. 5, 2022) (allowing some claims, including a conspiracy claim, to proceed to further development). (*See* Complaint, ¶¶ 15, 19, 21.) In that case, inmate Monaco had alleged as follows:

> While at RCI, corrections officers and staff told other inmates—in particular, the members of a gang—which inmates "had sex cases." The identified inmates were then harassed and physically assaulted by other inmate gang members. These allegations form the basis of a conspiracy claim against several of the Defendants.

*Monaco*, 2022 WL 4291781, at *3. Monaco had referred to Carswell by name; this Court found that Monaco could not raise claims on Carswell's behalf:

> Monaco refers to injuries allegedly sustained by other inmates in his Complaint. (*See, e.g.*, Complaint, ¶ 29 (another inmate with a case "was beaten in the entryway of the dorm 7A on Sunday the 7th of February 2021 after supper by the same inmates (KF's) threatening Mr. Monaco and placed in solitary. Mr. Carswell was told his incident wasn't caught on camera. Mr. Carswell was sprayed in the face as well and then punched in the face by the CO who placed him into solitary.") . . .
>
> These allegations, which may be relevant to Monaco's conspiracy claim, are indeed concerning. But Monaco lacks standing to raise claims on behalf of other inmates. . . . To the extent that Monaco seeks or would seek to bring claims on other inmates' behalf, the claims should be dismissed.

4

*Monaco*, 2022 WL 4291781, at *10. Here, Carswell likewise refers to Monaco's case and provides a Declaration by Monaco with his Complaint.[2] (*See* ECF No. 1-2, PageID 29-30.)

According to Carswell's Complaint, Defendant Edwards eventually "stopped the fight" Carswell was involved in by spraying OC spray into the area. (Complaint, ¶ 11.) Carswell was sprayed. (Complaint, ¶ 14.) He was taken by the "Yard Dog" John Doe (1) to the captain's office where he wrote a statement and had his injuries photographed. (Complaint, ¶ 13.) Edwards wrote Carswell a ticket for fighting and failure to obey orders. (*Id.*; *see also* Conduct Report, ECF No. 1-2, PageID 28.) Defendant Taylor signed the ticket to indicate that a copy was provided to Carswell. (Complaint, ¶ 19; Conduct Report, ECF No. 1-2, PageID 28.) A document attached to the Complaint notes that Carswell pled guilty to these charges. (*See* Grievance Communication, ECF No. 1-2, PageID 26.)

John Doe (1) took Carswell to see medical staff. (Complaint, ¶ 14.) The medical worker, John Doe (2), did not let Carswell wash the OC spray off his face. (Complaint, ¶ 14; *see also* Grievance Communication, ECF No. 1-2, PageID 26 (wherein Carswell disputes the medical exam report claiming that he "refused to be decontaminated with water immediately after this event").) He says that he "did not get to wash the pepper spray off for days." (Grievance Communication, ECF No. 1-2, PageID 26.)

Carswell was taken to "the hole" (solitary confinement). (Complaint, ¶ 15.) Inside the cell was a noose made of bedsheet, hanging from the bunk bed. (Complaint, ¶ 17; ECF No. 1-2, Page 37.) Defendant Williams, the corrections officer who uncuffed him, asked Carswell what kind of charges he had. (*Id.*) Williams then allegedly punched Carswell in the face and walked

---

[2] Although the cases are related (*see* Civil Cover Sheet, ECF No. 1-4, PageID 51; Related Case Memorandum, ECF No. 3), they are proceeding separately at this time.

out of the cell. (*Id*.) Carswell spent two weeks in the hole and was transferred to Noble Correctional Institution shortly thereafter. (Complaint, ¶¶ 17, 18.)

As noted above, Carswell alleges that some of the Defendants conspired against him. (Complaint, PageID 21-22.) He asserts that officers failed to intervene to protect him from violence from other inmates. (*Id*.) He alleges that one officer used excessive force against him, and two Defendants failed to provide medical care after he was sprayed with a chemical irritant. (*Id*.) He raises claims of failure to protect, use of excessive force, and deliberate indifference to serious medical needs under the Eighth Amendment, as well as a claim of civil conspiracy. Carswell seeks damages in excess of $1.8 million against Defendants "severally and jointly." (Complaint, ¶ 33.)

Carswell raises these claims under 42 U.S.C. § 1983. (Complaint, ¶ 1.) To state a cause of action under Section 1983, he must allege: "(1) a deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under color of state law." *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008) (citation omitted).

### III. Discussion

The Undersigned concludes that the Court should allow all but one of Carswell's claims to proceed to further development, as outlined below.

#### A. **Eighth Amendment Claims for Failure to Protect, Use of Excessive Force, and Deliberate Indifference to Serious Medical Needs**

Under the Eighth Amendment, prison officials have an obligation "to take reasonable measures to guarantee the safety of the inmates" in their custody. U.S. CONST. amend. VIII; *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984). The Eighth Amendment also protects prisoners from the use of excessive force and unwarranted physical assaults by prison staff. *Farmer v.*

6

*Brennan*, 511 U.S. 825, 833-34 (1994). It further "forbids prison officials from 'unnecessarily and wantonly inflicting pain' on an inmate by acting with 'deliberate indifference' toward the inmate's serious medical needs." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). Carswell's allegations in the Complaint implicate these Eighth Amendment guarantees.

Without the benefit of an Answer or further briefing, the Undersigned **RECOMMENDS** that the Court allow the following claims to **PROCEED** to further development:

1. <u>Failure to Protect claim(s)</u>, against Lucas Edwards and Nicholas Stowe – (*see* Complaint, ¶¶ 10-12, 23, 26).³

2. <u>Excessive Force claim</u>, against Christopher Williams – (*see* Complaint, ¶¶ 15-16, 30).

3. <u>Deliberate Indifference to Serious Medical Needs claim(s)</u>, against John Doe (1) and John Doe (2) – (*see* Complaint, ¶¶ 14, 27, 29).

These claims should proceed against these Defendants in their individual capacities. The Undersigned expresses no opinion on the merits of the claims at this time.

    **B.**    **Conspiracy Claim**

Carswell pleads a civil conspiracy claim against Defendants Edwards, Stowe, John Doe (1) and Taylor. (Complaint, ¶¶ 24, 26, 28, 31.) He alleges that they conspired "against inmates with sex cases." (*Id.*, ¶ 31.) Carswell appears to be alleging that this is the same conspiracy identified in *Monaco v. Doe (1)*, No. 2:22-cv-2888, 2022 WL 4291781, 2022 U.S. Dist. LEXIS 168299 (S.D. Ohio Sept. 16, 2022), *report and recommendation adopted*, 2022 WL 5187381, 2022 U.S. Dist. LEXIS 183026 (S.D. Ohio Oct. 5, 2022). (Complaint, ¶¶ 11-13, 19; *see also*

---

³ These and the following citations are provided for the parties' reference and are not intended to limit the facts that Carswell may present to the Court in later proceedings.

7

Declarations of Gary Hill (ECF No. 1-2, PageID 24-25), Jason Monaco (ECF No. 1-2, PageID 29-30), and Charles Lovingshimer (ECF No. 1-2, PageID 35-36), attached to the Complaint.)

Without the benefit of an Answer or further briefing, the Undersigned **RECOMMENDS** that the Court allow Carswell's civil conspiracy claim **PROCEED** as against Defendants Edwards, Stowe, and John Doe (1). The Undersigned **RECOMMENDS** that the Court **DISMISS** the civil conspiracy claim against Defendant Taylor, for the following reasons.

Defendant Taylor is identified as the "7A Housing Unit Supervisor/Sergeant" or "7A Housing Unit Sergeant/Counselor" at RCI. (Complaint, PageID 16, 18.) He is alleged to have taken one action in the Complaint: signing Carswell's Rules Infraction Board ("RIB") disciplinary ticket for fighting and failure to obey orders. (Complaint, ¶¶ 18-19; *see also* Conduct Report, ECF No. 1-2, PageID 28 (reflecting that the "Charging Official" was L. Edwards, and including a "Staff Signature" that appears to be "Mark A. Taylor" under the notation that "A copy of this conduct report was served upon the above-named inmate on: February 09, 2021, at 09:15 AM")).) Another, unidentified officer heard and decided the merits of the ticket. (Complaint, ¶ 18.) As noted above, it appears that Carswell pled guilty to violating the rules against fighting and disobeying an order. (ECF No. 1-2, PageID 26, 28.)

> With respect to Defendant Taylor, Carswell indicates as follows:
>
> The Supervisor/Sergeant/Counselor, Mark A. Taylor, of Dorm or Housing Unit 7A, knew of the unfair treatment and targeting of individuals in his dorm and is implicated in this conspiracy directly. Mark A. Taylor is named as this person because he signed both Mr. Monaco's ticket and Mr. Carswell's ticket and it is the direct supervisor's duty to hear/sign tickets originating within his dorm. His identity will be confirmed within the discovery phase.
> …
> Officer/Supervisor/Sergeant Mark A. Taylor, committed conspiracy in his individual capacity, knowingly partook in a conspiracy against inmates with sex cases.

(Complaint, ¶¶ 19, 31.) There are no other allegations against Defendant Taylor.

8

To the extent that this claim seeks to hold Taylor responsible as the "direct supervisor" of other correctional officers within the alleged conspiracy, it should be dismissed. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability." *Hinton v. Skipper*, No. 1:21-cv-480, 2021 WL 4859744, at *2 (W.D. Mich. Oct. 19, 2021) (citing *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); and *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009)). Rather, individuals sued in their personal capacity under § 1983 are liable only for their own unconstitutional behavior. *Hollis v. Erdos*, 480 F. Supp. 3d 823, 833 (S.D. Ohio May 12, 2020) (citing *Murphy v. Grenier*, 406 F. App'x 972, 974 (6th Cir. 2011)).

Similarly, "a supervisor cannot be held liable simply because he or she was charged with overseeing a subordinate who violated the constitutional rights of another." *Peatross v. City of Memphis*, 818 F.3d 233, 241 (6th Cir. 2016) (citing *Gregory v. City of Louisville*, 444 F.3d 725, 751 (6th Cir. 2006)). For such a claim to proceed, "a plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Crawford v. Tilley*, 15 F.4th 752, 761 (6th Cir. 2021) (quoting *Garza v. Lansing Sch. Dist.*, 972 F.3d 853, 865 (6th Cir. 2020)) (cleaned up). Carswell has not pled any such facts here.

"Courts have traditionally viewed conspiracy suits against public officials with suspicion and disfavor." *Heid v. Aderholt*, No. 2:20-cv-901, 2022 WL 3025431, at *5 (S.D. Ohio Aug. 1, 2022) (cleaned up). "The Sixth Circuit has warned that 'conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983.'" *Ayers v. Gabis*, No. 20-11735, 2021 WL 4316853, at *6 (E.D. Mich. Sept. 23, 2021) (quoting *Fieger v. Cox*, 524 F.3d 770, 776

(6th Cir. 2008)). "These guidelines have led the court to conclude that the 'pleading requirements governing civil conspiracies are relatively strict.'" *Id.*

Here, Carswell has not pled anything beyond "vague and conclusory allegations unsupported by material facts" with respect to Defendant Taylor. That Taylor signed a Conduct Report to indicate that a copy of it was given to Carswell is not sufficient to include him in the alleged conspiracy. He did not write the disciplinary ticket, or resolve it. Carswell does not allege that Taylor said or did anything to indicate he was involved in—or even aware of—the alleged conspiracy. Carswell does not allege that he interacted with Taylor in any way, although the Court could infer that Taylor provided him a copy of the ticket. Taylor's apparent knowledge of the fight (which Carswell agrees happened) and the resulting ticket does not demonstrate Taylor's knowledge and agreement to the alleged conspiracy that Carswell says motivated the fight. Only speculation makes that link, and speculation is not enough. *See generally Regets v. City of Plymouth*, 568 F. App'x 380, 391 (6th Cir. 2014) (citing *Moore v. City of Paducah*, 890 F.2d 831, 834 (6th Cir. 1989)) ("mere speculation and conjecture are insufficient to establish the existence of an agreement" for a conspiracy claim).

Because Carswell does not plead a plausible claim for civil conspiracy against Defendant Taylor, the claim against him should be dismissed. As this is the only claim pled against Defendant Taylor, he should be dismissed from the case entirely. (*See* Complaint, PageID 22.)

The civil conspiracy claim against Defendants Edwards, Stowe, and John Doe (1) in their individual capacities should proceed to further development. The Undersigned expresses no opinion on the merits of the claim at this time.

**IV.     Proceeding Further Against John Doe Defendants**

"Although designation of a 'John Doe' or 'unknown' defendant is not favored in the federal courts, it is permissible when the identity of the alleged defendant is not known at the time the complaint is filed and plaintiff could identify defendant through discovery." *Robinson v. Doe*, No. 1:07-cv-729, 2009 WL 650383, at *2 (S.D. Ohio March 10, 2009) (collecting cases); *accord Woodard v. Farris*, No. 2:20-cv-00007, 2020 WL 1469886, at *3 (M.D. Tenn. Mar. 25, 2020) (determining that "it would be inappropriate to dismiss the claims against the John Doe Defendants at this juncture because of the likelihood that the identities of these Defendants will be determined during discovery").

Once Carswell discovers the name of the John Doe Defendants, he will be required to timely amend his Complaint to identify them. *See generally* Fed. R. Civ. P. 15 (concerning amended and supplemental pleadings); *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996) ("Sixth Circuit precedent clearly holds that new parties may not be added after the statute of limitations has run"); *Moore v. Moore*, No. 1:19-cv-01634, 2019 WL 6683171, at *3 (N.D. Ohio Dec. 6, 2019) ("the statute of limitations for all of Plaintiff's § 1983 claims is two years").

In addition, service of process on any newly-identified John Doe defendant must be completed in accordance with Fed. R. Civ. P. 4(m), which states: "Time Limit for Service. If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

Carswell should not delay in proceeding against these Defendants.

V.    **Declaration of Robin Helton**

On March 15, 2023, the Clerk of Court received and filed herein a document entitled "Declaration of Robin Helton." (ECF No. 5.) The envelope in which it was received bears a return address in Houston, Texas. (ECF No. 5-3, PageID 89.) Helton is Carswell's friend, according to the Declaration, but is not a party to this case. (ECF No. 5.) The Declaration is not signed. (*Id.*, PageID 62.)

The Undersigned is not aware of any reason Helton, a non-party, should be permitted to file documents in this case. *See DRFP, LLC v. Republica Bolivariana de Venezuela*, No. 2:04-cv-793, 2012 WL 995288, at *2 (S.D. Ohio Mar. 22, 2012) ("there is little precedent which deals with the issue of when a non-party may properly file some document with the Court—perhaps because, for the most part, non-parties understand that they do not have blanket permission to file papers in cases in which they are not involved, and seldom have any reason to attempt to do so.").

Moreover, the submission of evidence at this stage in the litigation is premature. Carswell should maintain his evidence to include with his filings in later stages of this case, such as summary judgment, when evidence is necessary for the Court's determination. Carswell is reminded that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name--or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a).

The Court **STRIKES** the Declaration (ECF No. 5) from the docket. *See DRFP,* 2012 WL 995288, at *2 (courts have discretion to strike non-party, unauthorized filings).

VI. **Summary and Conclusion**

The undersigned Magistrate Judge, having conducted the initial screen of the Complaint as required by law, **RECOMMENDS** that:

1. The Court allow Carswell to **PROCEED** at this time on his Eighth Amendment claims, as detailed in Section III(A), against Lucas Edwards, Nicholas Stowe, Christopher Williams, John Doe (1), and John Doe (2), in their individual capacities.

2. The Court allow Carswell to **PROCEED** at this time on his civil conspiracy claim against Lucas Edwards, Nicholas Stowe, and John Doe (1), in their individual capacities.

3. The Court **DISMISS** for failure to state a claim Carswell's civil conspiracy claim against Mark A. Taylor, and dismiss him from the lawsuit. *See* 28 U.S.C. §§ 1915A(a) and 1915(e)(2).

4. Should the District Judge adopt this recommendation, the Undersigned further **RECOMMENDS** that the District Judge find that any appeal in this matter by Plaintiff would not be taken in good faith, and that Plaintiff may not proceed on appeal *in forma pauperis*.

The Undersigned **STRIKES** the Declaration of Robin Helton (ECF No. 5) from the docket.

Once the District Judge considers this Report and Recommendation, the Undersigned will order service of the Complaint on the remaining Defendants, as appropriate. The Undersigned notes that the Court is in receipt of the summons forms and United States Marshal forms (USM-285) for the identified Defendants. (*See* ECF No. 1-3.) Carswell is **ORDERED** to provide FIVE service copies of the Complaint—one for each remaining Defendant—to the Clerk within **THIRTY DAYS** of the date of this Order.

Finally, Carswell is advised that he must keep this Court informed of his current address and promptly file a notice of his new address if he is released or transferred.

**VII.     Notice Regarding Objections to this Report and Recommendation**

If any party objects to this Report and Recommendation ("R&R"), the party may serve and file specific, written objections to it within **FOURTEEN DAYS** after being served with a copy thereof. Fed. R. Civ. P. 72(b). All objections shall specify the portion(s) of the R&R objected to and shall be accompanied by a memorandum of law in support of the objections. The Court may extend the 14-day objections period if a timely motion for an extension of time is filed.

A Judge of this Court will make a de novo determination of those portions of the R&R to which objection is made. Upon proper objection, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the R&R will result in a waiver of the right to have the District Judge review the R&R de novo, and will also operate as a waiver of the right to appeal the decision of the District Court adopting the R&R. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981)

**IT IS SO ORDERED.**

Dated: April 27, 2023         */s/ Elizabeth A. Preston Deavers*
                                                ELIZABETH A. PRESTON DEAVERS
                                                UNITED STATES MAGISTRATE JUDGE