RECEIVED
JUL 14 2023
RICHARD W. NAGEL, CLERK OF COURT
COLUMBUS OHIO

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO EASTERN DIVISION

| | |
|---|---|
| Andrew Carswell (#770956)<br>Noble Correctional Institution, E2-W104<br>15708 McConnelsville Road,<br>Caldwell, Ohio 43724<br><br>Plaintiff,<br><br>Vs.<br><br>Edwards, Lucas,<br>7A Housing Unit Corrections Officer,<br>ROSS Correctional Institution,<br>16149 State Rt. 104<br>Chillicothe, Ohio, 45601, and<br><br>Stowe, Nicholas,<br>7A Housing Unit Corrections Officer,<br>ROSS Correctional Institution,<br>16149 State Rt. 104<br>Chillicothe, Ohio, 45601, and<br><br>Gibson, Jacob,<br>ROSS Correctional Institution,<br>16149 State Rt. 104<br>Chillicothe, Ohio, 45601, and<br><br>Best, Timothy,<br>ROSS Correctional Institution,<br>16149 State Rt. 104<br>Chillicothe, Ohio, 45601,<br><br>Williams, Christopher,<br>5A Housing Unit Corrections Officer,<br>ROSS Correctional Institution,<br>16149 State Rt. 104<br>Chillicothe, Ohio, 45601,<br><br>in their individual capacities,<br>Defendants, | Case No. 2:23-cv-0167<br><br>Judge: Sarah D. Morrison<br>Magistrate Judge: Elizabeth P. Deavers<br><br>**VERIFIED & AMENDED COMPLAINT** |

## I. JURISDICTION & VENUE

1. This is a civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation, under the color of state law, of rights secured by the Constitution of the United States. The court has jurisdiction under 28 U.S.C. Section 1331 and 1343 (a)(3). Plaintiff seeks declaratory relief pursuant to 28 U.S.C. Section 2201 authorized by 28 U.S.C. Section 2283 & 2284 and Rule 65 of the Federal Rules of Civil Procedure.

2. The United States District Court for The Southern District of Ohio is an appropriate venue under 28 U.S.C. Section 1391 (b)(2) because it is where the events giving rise to this claim occurred.

## II. PLAINTIFF

3. Plaintiff, Andrew Carswell, is and was at all times mentioned herein a prisoner of the State of Ohio in the custody of the Ohio Department of Rehabilitations Corrections. Mr. Carswell is currently confined in Noble Correctional Institution in Caldwell Ohio.

## III. DEFENDANTS - EACH ACTING UNDER THE COLOR OF STATE LAW

4. Defendant, Lucas Edwards is a Corrections Officer of the Ohio Department of Rehabilitations and Corrections who, at all times mentioned in this complaint, held rank of [position] and was assigned to Ross Correctional Institution.

5. Defendant, Nicholas Stowe is a Corrections Officer of the Ohio Department of Rehabilitations and Corrections who, at all times mentioned in this complaint, held rank of [position] and was assigned to Ross Correctional Institution.

6. Defendant, Jacob Gibson is a Corrections Officer of the Ohio Department of Rehabilitations and Corrections who, at all times mentioned in this complaint, held rank of [position] and was assigned to Ross Correctional Institution.

7. Defendant, Timothy Best, RN, is a Medical worker for the Ohio Department of Rehabilitations and Corrections who, at all times mentioned in this complaint, was assigned to Ross Correctional Institution.

8. Defendant, Christopher Williams is a Corrections Officer of the Ohio Department of Rehabilitations and Corrections who, at all times mentioned in this complaint, held rank of [position] and was assigned to Ross Correctional Institution.

9. Removed/ Dismissed

## IV. Statement of FACTS in Support of Claims

10. During his brief incarceration at Ross Correctional Institution, a Level 3 institution, from about Feb 4th, 2021 to about Feb 21st, 2021, Mr. Carswell (level 2 inmate) was being extorted for money (Commissary). Alleged gang members were sliding notes under his door stating that they "know his charges" with a list of commissary items. When Mr. Carswell refused to pay, Carswell's Bunkie (First name Michael) intercepted these notes and flushed them to hide the evidence. These notes described what they wanted from commissary in exchange for his "safety." The primary would-be extorter, Donald Hamer (779051), was talked up by Carswell's bunkie as being in "MS13" to intimidate him into complying. This went on from moments after settling into the cell, until dinner the night of February 7th, 2021. After chow, all of the inmates involved lined up behind Carswell, 4 or 5 of them, stating

something to the effect of "better pay or we are going into your cell." Once in front of the sally port door of 7A, one of the inmates attempted to trip Mr. Carswell. Mr. Carswell turned around to a flurry of punches by the group horseshoed around him. The inmate to Carswells left attempted to hold his arms down as he returned punches. Mr. Carswell tripped backward over a CO's bicycle onto the bike itself. The assailants moved around the bike to strike his head. Mr. Carswell fought onto his feet, continued trading punches with the group, his coat was then pulled over his head, he stripped it off to more effectively defend himself. Mr. Carswell stepped back into the sally port and tripped over yet another bicycle that was deliberately placed inside the port. At this point the number of attackers dwindled down to one, an inmate by the name of Jamie Blevins (#779017), who was curled up in the fetal position next to the 7A interior door when the fight ended. The amount of detail was given about the melee to show that the COs had plenty of time to identify and respond to the altercation.

11. Officers Lucas Edwards and Nicholas Stowe were reported as watching the fight for several minutes and "just letting it happen" by Gary Michel Hill who was in his bottom range cell with a view of the sally port (Exhibit A., Declaration of Gary Michael Hill). Eventually, Lucas Edwards stopped the fight by cracking the door and spraying OC spray from the inside of 7A contaminating himself in the process. This adds to a conspiracy claim, and a failure to protect claim for both Officer Nicholas Stowe and Officer Lucas Edwards.

12. It should be noted that at least one of the assaulting inmates, Donald Hamer's cell 141 was on the lower range and he shouldn't have been out with the upper range group. The ranges are sent to chow and recreation separately. The only way he could have been out is if either Officer Edwards or Stowe deliberately let him out. This denotes the Corrections Officers conspiring to enable these activities with malicious intent, further implicating Officers Nicholas Stowe and Lucas Edwards.

13. The "Yard Dog", Jacob Gibson, a six-foot-tall man of a heavy build and weighed likely over 200 lbs. said "that's what you get for being a chomo!" Carswell stated "I don't deserve to be treated like this!" Jacob Gibson asked, "how do you want to be treated?" and Carswell said "like a human!" Jacob Gibson then took him to the Captains office and asked him to write a statement. Carswell's adrenaline was pumping and had difficulty writing. He wrote "I was jumped by (x) amount of guys". The white shirts then took pictures with multiple phones and demanded that Carswell also add that he defended himself, which he did. This was to keep him in Segregation for longer than 3 days so they could keep him from filing any complaints or grievances. Carswell received a fight ticket and a failure to obey orders ticket, both of which were combined into one and filed by Officer Lucas Edwards. It should be noted that Mr. Carswell was not given the opportunity to read or view what he was signing as it pertains to the ticket. Jacob Gibson stated that there was "no camera footage" of the fight. Mr. Carswell identified Donald Hamer as an assailant; the last man involved in the fight in the sally port is named in the fight ticket, Jamie Blevins. They were clearly covering up the other inmates involved. This activity implicates Jacob Gibson in the conspiracy claims, as he has taken part in the activities of targeting individual inmates, including Mr. Carswell on February 7th, 2021.

14. Jacob Gibson then took him to medical. Medical staff Timothy Best, a white male, clean shaven, approximately 5' 10", told Carswell that they are only allowed to wash off his face, then failed to do so. This implicates the medical worker Timothy Best, and CO Jacob Gibson for deliberate indifference to serious medical needs. Although Mr. Carswell, being a 16-year Military Veteran doesn't like to admit that the OC Spray was painful, it was both the medical staff and the CO's job to make sure that he was decontaminated after the incident. The use of OC Spray is intended to stop an individual from doing

whatever it is they are doing at the time and comply. The use of OC is not to be used as a means of punishment, and by not decontaminating an individual after its use is equal to brutal punishment.

15. Carswell was then taken to the hole in 5A. The receiving CO, Christopher Williams, - A smaller stature (less than 5'11") white man, with a beard - walked him to his cell and asked "what kind of charges do you have?" Carswell responded "you already know". The CO then states, "you were better off where you were. You are not going to get much food and you're going to get [pepper] sprayed once a week here." He then walks Carswell into his cell and takes one of the cuffs loose, then proceeds to punch Carswell in the freshly bruised section of his face from the fight. Choosing this area to deliberately to cover his tracks. Officer Christopher Williams then quickly removes the other hand from the cuffs and walked out, locking the cell door behind him. This implicates Officer Christopher Williams in an excessive use of force/Unwarranted Physical attack claim. Christopher Williams was identified by a combination of the CO roster for that day (Exhibit E) and Charles Lovingshimer IV's (#779185) RIB ticket for allegedly throwing a food tray (Exhibit F). It should be noted that in inmate Lovingshimer IV's Declaration for a related case, Monaco v. Doe, 2022, Case No. 2:22-CV-2888 (Exhibit H), he mistakenly names Officer Joshua Hickle as writing his tray throwing RIB ticket, when in fact Joshua Hickle was the Officer who wrote his "refusal to lock" RIB ticket (Exhibit G). While bunked with Carswell in 5A, Charles Lovingshimer IV identified the "The small Viking" officer that assaulted Carswell as the same one who wrote his RIB ticket for allegedly "Throwing a food tray," Officer Christopher Williams.

16. The initial interaction between Carswell and Officer Christopher Williams was most likely witnessed by inmate Robert Whiteside (#721036) who was in the cell directly across from Mr. Carswell. He spoke with Mr. Carswell from across the way, saying that "you're not safe in that cell" and further "that CO is on some fuck shit" (indicating he is up to no good and has a reputation for bullying inmates). A declaration is being sought of Mr. Whiteside.

17. Carswell took stock in the room, the window had loose plastic over it, and was otherwise broken, the room was cold from the draft. There was a ripped sheet tied in a noose, attached to the bunk bed. There was no shower in the cell. Carswell had no change of clothes issued, as well as no blanket, sheets, or underwear. Christopher Williams as well as most of the other COs assigned to 5A made it a point to harass and intimidate him the entire time he was in the hole. Carswell only had two showers during the two weeks in the hole.

18. Dismissed
19. Dismissed

### V. EXHAUSTION OF GRIEVENCE PROCEEDURES

20. Plaintiff Andrew Carswell used the prisoner grievance procedure available at Noble Correctional Institution to try and solve the problem, Ref#NCI0922002054 (Exhibit B.). On 9/16/2022 plaintiff Carswell presented the facts relating to this complaint. On 9/19/2022 plaintiff Carswell was sent a response saying that the grievance had been denied. On 9/19/2022, plaintiff Carswell escalated the grievance. On 10/03/2022 the ODRC responded and further denied, stating that A.R. 5120-9-31 mandates that an inmate must file a complaint within 14 days, then later indicates that there are kites on record on February 21st, 2021, exactly 14 days later after being transferred to NCI from RCI. Mr. Carswell was kept from knowing that he had only 14 days, as no disclaimer was given during the reading of the ticket. Mr. Carswell had no access to the law library to read such A.R. document during

the 14 days to know that he had to respond within this timeframe. As a matter of fact, no one had access to the law library during COVID lockdown other than thru a neutered version of Lexis Nexis on a painfully slow GTL tablet with no word-processing functions on this date. Mr. Carswell, being a new transfer, did not have a GTL tablet for several days after the transfer, and no access during the 14 days in segregation. On 10/03/2022 he appealed the denial of the grievance. On October 24th, 2022, Chief Inspector Kelly Riehle AFFIRMED the decision of the Inspector in a canned statement.

21. All of the forgoing issues presented in paragraphs 1 through 19, led Mr. Carswell to delay filing a grievance for 19 months because he did not trust anyone in this system and didn't want to rock the boat while in it. Carswell's Attorney, Michael H. Stahl advised him to not bring attention to the issue because he feared that retaliation from the ODRC would be brought upon his client. Later, Mr. Carswell observed the outcome of Mr. Monaco's filing of a grievance and subsequently the filing of his complaint, (*Monaco v. Doe*, 2022 U.S. Dist. LEXIS 183026, 2022 WL 5187381 (S.D. Ohio October 5, 2022)) Case No. 2:22-CV-2888, and decided to proceed in this matter at this time as it appears safe to do so within the 2-year statute of limitations.

## VI. LEGAL CLAIMS FOR RELIEF

22. Plaintiff re-alleges and incorporates by reference paragraphs 1-19; again, all Defendants acting under the color of state law.

23. Officer Nicholas Stowe, through his gross negligence of duty in his individual capacity, violated Mr. Carswell's 8th Amendment Rights by deliberately failing to provide a degree of caution and foresight an ordinarily prudent person would employ in similar circumstances, including the duty to exercise reasonable care to prevent an inmate from being injured by a dangerous condition about which the state knows or should know. The officer operated to intentionally inflict emotional distress and physical pain upon Mr. Carswell by standing by and just observing the fight, allowing him to be physically harmed in violation of his constitutional rights.

24. Officer Nicholas Stowe, committed conspiracy in his individual capacity. The officer acted in concert, through his gross negligence of duty in his individual capacity, with the other defendants in a conspiracy against those with sex cases. The officer was aware of the targeting of individuals in the dorm and the act was premeditated.

25. Officer Lucas Edwards, through his gross negligence of duty in his individual capacity, violated Mr. Carswell's 8th Amendment Rights by deliberately facilitating physical harm to Mr. Carswell via an unwarranted physical assault. The officer operated to intentionally inflict emotional distress and physical pain upon Mr. Carswell in violation of his constitutional rights.

26. Officer Lucas Edwards committed conspiracy in his individual capacity. The officer acted in concert with the other defendants in a conspiracy against those with sex cases. The officer was aware of the targeting of individuals in the dorm and the act was premeditated.

27. Officer Jacob Gibson, through his gross negligence of duty in his individual capacity, violated Mr. Carswell's 8th Amendment Rights by deliberately failing to ensure Mr. Carswell was decontaminated after the use of force incident. The Officer was deliberately indifferent to Mr. Carswell's medical needs and failed to provide a degree of caution and foresight an ordinarily prudent person would employ in similar circumstances. This includes the duty to exercise reasonable care to prevent an inmate from being further injured by a dangerous condition about which the state knows or should know. The officer operated to intentionally inflict emotional distress and physical pain upon Mr. Carswell by not decontaminating him of the painful OC spray in violation of his constitutional rights.

28. Officer Jacob Gibson committed conspiracy in his individual capacity. The officer acted in concert with the other defendants in a conspiracy against those with sex cases. The officer was aware of the targeting of individuals in the dorm, at the institution as a whole and the act was premeditated.

29. Medical Staff Timothy Best, RN, through his gross negligence of duty in his individual capacity, violated Mr. Carswell's 8th Amendment Right to be free from cruel and unusual punishment by denying medical care with deliberate indifference by not allowing Mr. Carswell to wash himself of the OC Spray in his eyes and on his person.

30. Christopher Williams deliberately and intentionally abused Mr. Carswell thru the use of excessive force/Unwarranted physical attack and psychological torture, directly and indirectly threatening Mr. Carswell's life exacerbating his already diagnosed PTSD. The Officer directly violated Mr. Carswell's 8th Amendment Rights to be free from cruel and unusual punishment.

31. Dismissed

32. The Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparably injured by the conduct of the defendants unless this court grants the declaratory relief which plaintiff seeks.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this court enter judgment granting plaintiff:

33. The Plaintiff demands:

    A. Trial by jury on all of the issues triable to a jury;
    B. Actual and nominal damages in excess of_____, against each Defendant severally and jointly to be determined by a jury;
    C. Punitive damages in excess of_____, against each Defendant severally and jointly to be determined by a jury;
    D. Compensatory damages in excess of_____, against each Defendant severally and jointly to be determined by a jury;
    E. Plaintiffs costs in this suit including Attorney fee's
    F. Any other relief that the court determines just, proper and equitable.

## VERIFICATION

I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and as to those, I believe them to be true. I declare under penalty of perjury that the foregoing is true and correct. Executed at Caldwell, Ohio on the 10th of July, 2023

Respectfully submitted,

*Andrew R. Carswell* (signature)

Andrew Carswell (770956), pro se
Noble Correctional Institution, E2-W104
15708 McConnelsville Road
Caldwell, Ohio 43724