## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

ANDREW CARSWELL,

      Plaintiff,

                              Civil Action 2:23-cv-167
      v.                         Judge Sarah D. Morrison
                              Magistrate Judge Elizabeth P. Deavers

LUCAS EDWARDS, *et al.*,

      Defendants.

### REPORT AND RECOMMENDATION

This matter is before the Court upon review of Defendants' Motion to Dismiss. (ECF No. 26 (the "Motion to Dismiss").) On December 14, 2023, Plaintiff filed an Objection to Defendants Motion to Dismiss. (ECF No. 30 (the "Opposition").) On December 28, 2023, Defendants filed a Reply brief. (ECF No. 31 (the "Reply").) For the following reasons it is **RECOMMENDED** that the Motion to Dismiss be **GRANTED**.

### I.      STANDARD OF REVIEW

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd.*, *P'ship v. Flagstar Bank*, *F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013) (emphasis in original).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause

of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted).

In considering whether a complaint fails to state a claim upon which relief can be granted, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Ohio Police & Fire Pension Fund v. Standard & Poor's Fin. Servs. LLC*, 700 F.3d 829, 835 (6th Cir. 2012) (quoting *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 663. Thus, while a court is to afford plaintiff every inference, the pleading must still contain facts sufficient to "provide a plausible basis for the claims in the complaint"; a recitation of facts intimating the "mere possibility of misconduct" will not suffice. *Flex Homes, Inc. v. Ritz–Craft Corp of Mich., Inc*., 491 F. App'x. 628, 632 (6th Cir. 2012); *Iqbal*, 556 U.S. at 679.

## II.      ANALYSIS

The Undersigned previously has discussed the factual allegations underlying this lawsuit. (*See* ECF No. 7 at PAGEID ## 80-83.)  The Undersigned hereby incorporates that discussion by reference, and will instead discuss the relevant procedural facts before the Court in the subject Motion to Dismiss.  Specifically, the Undersigned must focus on the nineteen (19) month delay between February 7, 2021, when Plaintiff allegedly was assaulted by other inmates and when Defendants allegedly failed to react and respond, and September 16, 2022, when Plaintiff first filed a related grievance.  (*See* ECF No. 18 at PAGEID ## 132-134.)  In the Motion to Dismiss, Defendants argue that by waiting so long to file his grievance, Plaintiff failed to comply with the grievance procedure set forth by the Ohio Administrative Code, in violation of 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act (the "PLRA").  (ECF No. 26 at PAGEID ## 187-188.)  This argument is well taken.

Pursuant to the PLRA, prisoners are required to fully exhaust available institutional remedies prior to filing suit in federal court.  *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.").  The Supreme Court has held that the "PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).  It is well established that such exhaustion is "mandatory under the PLRA and unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 201, 211 (2007).  The PLRA requires "proper exhaustion of administrative remedies," meaning all applicable procedures and deadlines must be followed.

*Woodford v. Ngo*, 548 U.S. 81, 84, 90-91 (2002). The exhaustion requirement's goals can be achieved "only if the prison grievance system is given a fair opportunity to consider the grievance." *Id.* at 82. "That cannot happen unless the grievant complies with the system's critical procedural rules." *Id.* If a prisoner fails to exhaust available administrative remedies before filing a complaint in federal court, or only partially exhausts them, then dismissal of the complaint is appropriate. *Hopkins v. Ohio Dep't of Corr.*, 84 Fed. Appx. 526, 527 (6th Cir. 2003) (citing 42 U.S.C. § 1997e(a) and *White v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997)). "In a claim by a prisoner, failure to exhaust administrative remedies under the PLRA is an affirmative defense that must be established by the defendants." *Napier v. Laurel Cnty.*, 636 F.3d 218, 225 (6th Cir. 2011) (citations omitted).

"Because exhaustion is an affirmative defense that must be raised by a defendant, a plaintiff is not required to *plead* exhaustion in his complaint." *Monaco v. Doe*, No. 2:22-CV-2888, 2024 WL 3273450, at *6–8 (S.D. Ohio July 2, 2024). "And – but for the rare case in which a plaintiff has included allegations or evidentiary exhibits that convincingly show he has failed to exhaust – a defendant cannot win on this defense unless *the defendant proves* a lack of exhaustion." *Id.* While proof of lack of exhaustion often requires resort to matters outside the pleadings, such as affidavits and documentary evidence, this Court has repeatedly held that "failure to exhaust administrative remedies may appropriately be resolved by motion to dismiss under Rule 12(b)(6)." *Calderon v. Kim*, No. 2:15-CV-2396, 2015 WL 6156091, at *2 (S.D. Ohio Oct. 20, 2015), *report and recommendation adopted*, No. 2:15-CV-2396, 2016 WL 452321 (S.D. Ohio Feb. 5, 2016) (quoting *Weldon v. Warren County Children Services*, 2012 WL 5511070, *4 (S.D. Ohio Nov. 14, 2012)).

The Ohio Department of Rehabilitation and Correction ("ODRC") offers a three-step grievance system to every inmate at each of its institutions.  Ohio Admin. Code § 5120-9-31(J). All inmates and staff members receive a written explanation of the grievance system and instructions for its use. Ohio Admin. Code § 5120-9-31(C).  The first step of the grievance procedure allows inmates to submit an informal complaint to the supervisor of the department or staff member directly responsible for the issue concerning the inmate but requires any such complaint or grievance to be submitted no later than fourteen (14) days from the date of the event giving rise to the grievance.  Ohio Admin. Code § 5120-9-31(J)(1).

Inmates dissatisfied with the results of step one may proceed to step two by obtaining a Notification of Grievance form from the Inspector of Institutional Services, and filing a formal grievance at the prison where the inmate is confined.  Ohio Admin. Code § 5120-9-31(J)(2). Formal grievances must be submitted within fourteen (14) days from the date an inmate receives a response to his informal complaint at step one.  *Id.*

Then, if dissatisfied with the results of the formal complaint at step two, the inmate may proceed to step three of the grievance process by requesting an appeal form from the Office of Inspector of Institutional Services and submitting the appeal form to the Office of the Chief Inspector at ODRC.  Ohio Admin. Code § 5120-9-31(J)(3).  The step three appeal must be filed within fourteen (14) days of the date of the disposition of his formal complaint. *Id.*  The Chief Inspector is to provide a written response within thirty (30) calendar days of receiving an appeal, unless he extends the timeframe for good cause and notifies the inmate.  *Id.*  Decisions of the Chief Inspector are final, meaning that the Ohio Administrative Code provides no further means for appeal. *Id.*

Against that background, the Court emphasizes that the events underlying this action occurred in February 2021.  (*See* ECF No. 18 at PAGEID ## 132-134.)  Plaintiff ***admittedly*** did not initiate the three-step prisoner grievance procedure, however, until September 16, 2022 – approximately nineteen (19) months later – because he "didn't want to rock the boat."  (*Id.* at PAGEID # 135 (stating that Plaintiff "delay[ed] filing a grievance for 19 months because he did not trust anyone in this system and didn't want to rock the boat while in it.").)  In the subject briefing, Plaintiff further attempts to justify this delay by citing to his allegation that a lawyer "advised [Plaintiff] to not bring attention to the issue because he feared that retaliation from the ODRC would be brought upon [Plaintiff]."  (ECF No. 30 at PAGEID # 213 (citing ECF No. 18 at PAGEID # 135).)  According to Plaintiff, "[i]t was genuine fear that kept him from filing the grievance in the first place."  (*Id.*)  Beyond that, Plaintiff dismisses the PLRA exhaustion requirement as a "procedural and technical hurdle [which] does not change the facts of the case" and argues that "[a]llowing this case to be dismissed over a technicality would be a grave injustice, enabling even more future evils to permeate."  (*Id.* at PAGEID # 214.)

Under these circumstances, the Undersigned believes this is an instance in which Defendants can prove lack of exhaustion at the motion to dismiss stage, as Plaintiff affirmatively concedes in the operative Amended Complaint that he knowingly chose not to timely initiate the grievance process.  As discussed above, is well established that this failure dooms Plaintiff's lawsuit.  *See Hopkins*, 84 Fed. Appx. at 527 ("When a prisoner fails to exhaust his administrative remedies before filing a civil rights complaint in federal court, or only partially exhausts administrative remedies, dismissal of the complaint is appropriate.").  While the operative Amended Complaint alleges that Plaintiff "was kept from knowing that he had only 14 days" to initiate the grievance process, this lone allegation is materially contradicted by Plaintiff's other

6

allegations, including, most conspicuously, that Plaintiff *chose* not to file a grievance for over a year and a half "because he did not trust anyone in this system and didn't want to rock the boat while in it." (ECF No. 18 at PAGEID ## 134-135.)[1] Regardless, this standalone allegation is insufficient to establish that Plaintiff was *prevented* from using the grievance process. *See Willis v. Mohr*, No. 1:11-CV-808, 2013 WL 1281634, at *3 (S.D. Ohio Mar. 26, 2013), *report and recommendation adopted*, No. 1:11CV808, 2013 WL 1829668 (S.D. Ohio May 1, 2013), *order withdrawn*, No. 1:11-CV-808, 2013 WL 5773932 (S.D. Ohio Oct. 24, 2013), and *report and recommendation adopted*, No. 1:11-CV-808, 2013 WL 5773932 (S.D. Ohio Oct. 24, 2013) ("Mere general assertions that a prisoner was prevented from exhausting his administrative remedies, without 'specific factual allegations about the type of conduct that prevented them from using or completing the respective grievance procedure,' are not enough." (quoting *Cullins v. Page,* Case No. 1:12–cv–102, 2013 WL 214848 (S.D. Ohio Jan. 18, 2013)).

Contrary to Plaintiff's belief, the PLRA's exhaustion requirement is not merely a "technicality," but rather a mandatory threshold rule which this Court must enforce – regardless of the nature, or the ultimate likelihood of success, of the Plaintiff's underlying allegations. (ECF No. 30 at PAGEID # 214.) Accordingly, because Plaintiff did not timely avail himself of the three-step grievance process set forth in the Ohio Administrative Code, his claims in the subject action are barred under the PLRA.

---

[1] This allegation also is undermined by Plaintiff's statements in the subject briefing, which implicitly concede his failure to exhaust and focus instead on the perceived unfairness of the 14-day requirement. (*See* ECF No. 30 at PAGEID # 213 ("Policy be damned, the PLRA and a 14-day window . . . doesn't change the fact that the torment and torture took place."), PAGEID # 214 ("[T]his procedural and technical hurdle does not change the facts of the case" and "[t]his procedure only allowing a 14-day window . . . is unconstitutional in and of itself.").)

### III. CONCLUSION

For the reasons stated above, the Undersigned finds that Plaintiff failed to exhaust his administrative remedies prior to filing suit. Accordingly, the Undersigned **RECOMMENDS** that Defendants' Motion to Dismiss, ECF No. 26, be **GRANTED**.

### PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court. Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

Date: August 9, 2024                    */s/ Elizabeth A. Preston Deavers*
                                         **ELIZABETH A. PRESTON DEAVERS**
                                         **UNITED STATES MAGISTRATE JUDGE**